UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL N. GRAY, #306062,<br><br>        Plaintiff,<br><br>-vs-<br><br><br>CAPTAIN DEWAYNE HINGLETON,<br>LIEUTENANT RAQUAN BURKETT,<br>SERGEANT FLESHMAN, and<br>SERGEANT PERKINS,<br><br>        Defendants. | Civil Action No. 4:22-cv-3887-JD-TER<br><br><br><br>**ORDER** |

## I.   INTRODUCTION

Plaintiff, who is proceeding pro se, alleges that Defendants violated his constitutional rights under the Eighth Amendment to be free from cruel and unusual punishment by using excessive force. Presently before the court are Plaintiff's Motions to Compel (ECF Nos. 47, 48) and Motion to Appoint Counsel (ECF No. 49). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

## II.   MOTIONS TO COMPEL

Plaintiff has filed two motions to compel. The original scheduling order deadline for discovery in this case was April 3, 2023 (ECF No. 32), which was amended to April 24, 2023 (ECF No. 37). Plaintiff filed his first set of discovery requests on March 16, 2023, which included 25 interrogatories to all four Defendants and 9 requests for production. Pl. First Discovery Requests (ECF No. 51-1). Defendants filed two motions (ECF Nos. 39, 41) to extend their time to respond to Plaintiff's discovery, which were granted and the discovery deadline was extended to May 12,

2023 (ECF No. 45). Defendants responded to Plaintiff's first discovery requests on May 12, 2023. See Pl. First Discovery Requests. Thereafter, Plaintiff sent a new set of discovery requests on May 29, 2023. Pl. Second Discovery Requests (ECF No. 51-2). Plaintiff filed the present motions to compel on June 15, 2023.

Plaintiff's second set of interrogatories and requests for production are untimely and Plaintiff did not request an extension of time to complete discovery past the last deadline of May 12, 2023. Therefore, Plaintiff's motions are denied as to his second set of interrogatories and requests for production.

With respect to Plaintiff's first set of interrogatories, Plaintiff's motion to compel asks only that the court compel Defendants to "answer fully" his interrogatories. Though Defendants objected to many of Plaintiff's interrogatories as vague and ambiguous, they also answered each interrogatory notwithstanding their objections. Plaintiff does not identify in his motion how Defendants responses are insufficient. Therefore, his motion to compel is denied with respect to Plaintiff's first set of interrogatories.

Plaintiff's motion to compel with respect to his requests to produce provides a little more detail. Plaintiff asks the court to compel Defendants to produce as to five requests, which are discussed below:

1. **"Video from use of force camera or wing cameras on January 21, 2022, starting from 8 am to 5 pm."**

As an initial matter, Plaintiff only requested video from the wing camera in his second set of requests for production. See Pl. First Discovery Requests; Pl. Second Discovery Requests. Therefore, the request is untimely as discussed above. Plaintiff's motion is denied as to his request for video from wing cameras on January 21, 2022. With respect to the use of force video from

January 21, 2022, counsel for Defendants states that he initially believed he possessed such a video and stated in his discovery response that he would coordinate with SCDC to allow Plaintiff to view the video. However, subsequent to his response, he learned that the videos he possessed were related to another incident. Nevertheless, he still coordinated with SCDC to allow Plaintiff to view the video even though it is unrelated to Plaintiff's claims. Counsel asserts that based upon his investigation, the requested video does not exist. Therefore, Plaintiff's motion to compel is denied as to this request. However, Defendants are directed to file an affidavit setting forth the efforts made to locate this document.

2.     **"Grievances wrote by witnesses I/M Orlando Paul #231996 and I/M Ra'Qwon McLean that's relevant to matter."**

Plaintiff's specific request asks for "[a] copy of grievance that was filed by Inmate RaQuwan McLean and Inmate Orlando Paul that was filed on January 21, 2022, from this incident." Pl. First Discovery Requests. Defendants originally objected to this request as irrelevant to the present action. In their response, they further object by stating that inmate grievances are to be treated as confidential pursuant to SCDC Policy GA-01.12, Section 4 and, thus, they cannot produce the grievances of other inmates without violating SCDC policy. Based on Defendants' response the court cannot say that grievances regarding the incident at issue in this litigation are irrelevant. Further, the fact that SCDC has a policy regarding the confidentiality of grievances[1] does not

---

[1]The policy provides
To the extent possible, all documentation pertaining to inmate grievances will be considered confidential and will not be included as part of an inmate's institutional or central record. Statements made by, or information received from, a grievant or other affected inmate relating to a grievance will not be used to initiate internal disciplinary action against an inmate(s), (unless the inmate has written a direct threat to an employee). Grievance forms and accompanying documents will be treated as confidential.

SCDC Policy GA-01.12, § 4.1.

preclude the production of such documents during discovery. Rather than withhold the requested documents, Defendants should have moved for entry of a protective order. See, e.g., Hedgepeth v. Nash Cnty., No. 4:21-CV-144-FL, 2023 WL 2711545, at *5 (E.D.N.C. Mar. 28, 2023) ("Defendants should have moved for entry of a protective order to limit the disclosure and use of the information rather than simply withholding it based on confidentiality concerns."); Santiago v. S. Health Partners, No. 1:15-CV-589, 2016 WL 4435229, at *4 (M.D.N.C. Aug. 19, 2016) ("If Defendants possessed concerns about the confidentiality of the requested information, they remained free to seek a protective order from the Court or a confidentiality agreement with Plaintiff that would have limited dissemination of any confidential commercial information, but they lacked authority to unilaterally withhold the requested documents."); Patrick v. Teays Valley Trs., LLC, 297 F.R.D. 248, 263 (N.D. W. Va. 2013) ("Defendant is free to seek a protective order to protect its proprietary information, but this is not a valid reason to withhold production."), aff'd sub nom. Patrick v. PHH Mortg. Corp., 298 F.R.D. 333 (N.D. W. Va. 2014); Innovative Therapies, Inc. v. Meents, 302 F.R.D. 364, 382 (D. Md. 2014) ("To address [the party's] confidentiality concerns, the appropriate remedy would be a confidentiality stipulation limiting use of the information, rather than preventing its production altogether.")). Accordingly, Plaintiff's motion is granted as to the request for grievances filed by Inmate RaQuwan McLean and Inmate Orlando Paul on January 21, 2022, from this incident. If Defendants determine that a confidentiality order is necessary, they must file the appropriate motion within ten days from the date of this order and produce said documents to Plaintiff within ten days of the filing of a confidentiality order.

3. **"To review camera's on wing from January 22, 2022, starting at 9:30 am to 12 pm."**

Plaintiff only raised this request in his second set of discovery requests. See Pl. First

-4-

Discovery Requests; Pl. Second Discovery Requests. Therefore, the request is untimely as discussed above. Plaintiff's motion is denied as to this request.

> 4. **"Documentation on being placed on control cell by defendants or that was placed into system per policy op 22.38."**

Defendants assert that Plaintiff did not raise this request in either of his requests for production. See Pl. First Discovery Requests; Pl. Second Discovery Requests. A motion to compel is proper only after a party has requested documents and the opposing party has failed to provide them. Thus, Plaintiff's motion is denied as to this request.

> 5. **"Security scan check log from January 21, 2022, starting at 7 am to 4 pm."**

Counsel for Defendants states that he has contacted SCDC and made a good faith attempt to locate the requested records, but staff at SCDC informed him that they were unable to locate the same. Therefore, Plaintiff's motion is denied as to this request. However, Defendants are directed to file an affidavit setting forth the efforts made to locate this document.

### III.    MOTION TO APPOINT COUNSEL

Plaintiff moves for appointment of counsel because his imprisonment greatly limits his ability to litigate, the issues involved are complex, and Plaintiff has limited knowledge of the law and limited access to the law library. He also asserts that counsel would be better able to present evidence and cross-examine witnesses at trial. He asserts that he has been unable to obtain counsel despite repeated efforts due to financial issues.

There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971), such appointment should be allowed only in exceptional cases. Cook v. Bounds, 518 F.2d

779, 780 (4th Cir. 1975). Despite Plaintiff's representations to the contrary, this is a typical complaint by a prisoner seeking to pursue a civil case pro se in federal court, and after a review of the file, there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney was not appointed. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). Accordingly, Plaintiff's motion is denied.

### IV.    CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Compel (ECF No. 47) is **DENIED in part and GRANTED in part**, Plaintiff's Motion to Compel (ECF No. 48) is **DENIED**, and Plaintiff's Motion to Appoint Counsel (ECF No. 49) is **DENIED**. Specifically, Plaintiff's motion is granted as to the request for grievances filed by Inmate RaQuwan McLean and Inmate Orlando Paul on January 21, 2022, from this incident. If Defendants determine that a confidentiality order is necessary, they must file the appropriate motion within ten days from the date of this order and produce said documents to Plaintiff within ten days of the filing of a confidentiality order.

**IT IS SO ORDERED**.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 21, 2023
Florence, South Carolina