IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael N. Gray, | Case No.: 4:22-cv-03887-JD-TER |
| Plaintiff, | |
| vs. | |
| | **ORDER AND OPINION** |
| Captain Dewayne Hingleton, Lieutenant Raquan Burkett, Sergeant Flashman, and Sergeant Perkins, | |
| Defendants. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 66.) Plaintiff Michael N. Gray ("Plaintiff" or "Gray"), proceeding *pro se*, was an inmate at the Broad River Correctional Institution (BRCI) at the time of events giving rise to this action. Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that on January 21, 2022, he was placed in handcuffs by Defendants Captain Dewayne Hingleton ("Hingleton"), Lieutenant Raquan Burkett ("Burkett"), Sergeant Flashman ("Flashman"), and Sergeant Perkins ("Perkins"), (collectively "Defendants") and was assaulted for approximately ten to fifteen minutes by Defendants Burkett, Fleshman, and Perkins, while Defendant Hingleton watched. He alleges that his right wrist and arm were swollen, he had numerous lacerations, and he was unable to use his arm for approximately seven days. (DE 10, pp. 5-6.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

On June 5, 2023, Defendants filed a Motion for Summary Judgment seeking dismissal of Plaintiff's claims. (DE 42.) Because Plaintiff is proceeding *pro se*, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in the motion being granted and his claims dismissed. After requesting an extension of time, Plaintiff filed a Response. (DE 54.) Defendants filed a reply (DE 55), and Plaintiff filed a sur reply (DE 57).

The Report was issued on December 1, 2023, recommending Defendants' Motion for Summary Judgment be denied (DE 66). Neither party filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 66) and incorporates it herein by reference.

It is, therefore, **ORDERED** Defendants' Motion for Summary Judgment (DE 42) is denied.

**IT IS SO ORDERED**.

Florence, South Carolina
January 16, 2024

Joseph Dawson, III
United States District Judge

**NOTICE OF RIGHT TO APPEAL**

3

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.